**UNITED STATES of America, Plaintiff,**

v.

**Mark S. STERN, and Mark S. Stern, P.A., Defendants.**

**No. 90–153–CIV–T–17.**

United States District Court,
M.D. Florida,
Tampa Division.

April 20, 1993.

Warren A. Zimmerman, U.S. Atty.'s Office, Tampa, FL, Patricia D. Kenny, Barnett & Kenny, P.A., Miami, FL, Michael F. Hertz, U.S. Dept. of Justice Dept. Civ. Div., Washington, DC, for plaintiff.

Arnold D. Levine, Levine, Hirsch, Segall & Northcutt, P.A., Tampa, FL, for defendant.

Robert Paul Barnett, Barnett & Kress, P.A., Miami, FL, for Citizens United to reduce and Block Federal Fraud, Leon Weinstein.

### ORDER DETERMINING RELATORS' COSTS

KOVACHEVICH, District Judge.

This cause is before the court on Relators' Motion for Determination of Costs and Plaintiff's opposition and Motion to Enforce a Constructive Trust.

#### I.   Introduction

This is a *qui tam* action brought by Relators under the False Claims Act, 31 U.S.C. §§ 3729–3733. Relator Weinstein is a former federal employee who discovered,

within the scope of his federal employment, information implicating the Defendant. The United States settled its case with the Defendant on October 15, 1990 for $243,158. Relator Weinstein now seeks to recover his costs and fees, pursuant to this court's February 22, 1993 Order. The Government opposes such an award, essentially arguing that Mr. Weinstein is not entitled to such compensation because the Government already paid for Mr. Weinstein's services and information, while he was a federal employee.

## II. ANALYSIS

### A. Percentage of Recovery

The present case is similar to *United States v. CAC–Ramsay, Inc.,* 744 F.Supp. 1158 (S.D.Fla.1990), in which Relator Weinstein sought to recover based upon information obtained within the scope of his federal employment and the Government opposed such recovery based upon a constructive trust theory. For the reasons stated by Judge King in *United States v. CAC–Ramsay, Inc.,* the Government's constructive theory is unpersuasive. As this court stated in its February 22, 1993 Order, the only issue remaining in the present case is what portion of the Government's recovery Relator is entitled to obtain.

■ Under the False Claims Act, Relators who bring independent information to a lawsuit may recover from 15 to 25 percent of the Government's damages, 31 U.S.C. § 3730(d)(1), while those who rely primarily on a parasitical use of information already owned and disclosed by the Government are limited to 10 percent. Here, the Government argues that Weinstein should be limited to a maximum of 10 percent because he relied on factual information that was already owned by, and had been disclosed by, the Government. Indeed, Weinstein's lawsuit is based upon the Government's criminal indictment. However, the False Claims Act litigation theory pursued by the Government was not pursued until after Weinstein filed his *qui tam* lawsuit. This strategy resulted in damages growing from a mere $37,579 in overpayments to the final settlement of $243,158. Therefore, Weinstein contributed substantially and independently to the Government's recovery and is not subject to the limitation suggested by the Government. Considering these factors, Weinstein is entitled to recover 15 percent of the settlement amount of $243,158, or $36,473.70.

### B. Costs and Attorney's Fee

■ The initial estimate of a reasonable attorney's fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Counsel for Relators have submitted, and the Court finds persuasive, affidavits reflecting an expenditure of 87.20 hours and asserting that $200 is a reasonable hourly rate, yielding a "lodestar" fee of $17,440.

After determining the "lodestar" fee, the Court may adjust the fee according to the factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Among these factors is the novelty and difficulty of the legal question presented. In the present case, Relators' argument was novel because there was no precedent at the time the *qui tam* lawsuit was filed for a government employee to obtain a percentage of the Government's recovery under the False Claims Act. Also relevant under *Johnson* is the skill required in order to properly perform the legal service and the results obtained. In the present case, exceptional skill was required because of the Government's repeated efforts to preclude Relators' recovery, including an appeal to the Eleventh Circuit. Furthermore, exceptional results were obtained inasmuch as novel arguments were presented and found persuasive. Therefore, the "lodestar" fee, above, will be multiplied by 1.5, yielding a fee of $26,160.

Counsel for Relators is also entitled to $931.89 in costs.

## III. CONCLUSION

Accordingly, after careful review of the record, and the Court being otherwise fully advised, it is

ORDERED AND ADJUDGED that the Relators' Motion for Determination of Compensation, Attorney's Fees, Costs and Rea-

sonable Expenses be, and the same is hereby GRANTED. The Government shall pay the Relators $36,473.70, and shall pay counsel for the Relators $26,160 as a reasonable attorney's fee and $931.89 in costs.

ORDERED AND ADJUDGED that the Government's Motion to Enforce a Constructive Trust be, and the same is hereby DENIED.

DONE and ORDERED.